FILED
FEBRUARY 1, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAMES OLSON,<br>TINA OLSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>VILLAGE OF ROUND LAKE BEACH, ILLINOIS,<br>ROUND LAKE BEACH OFFICER KENNETH COPPES,<br>ROUND LAKE BEACH OFFICER BRIAN PETERS,<br>ROUND LAKE BEACH OFFICER RYAN RODRIGUEZ,<br>ROUND LAKE BEACH OFFICER JUAN RESENDEZ,<br>ROUND LAKE BEACH SERGEANT MICHAEL BARR,<br><br>    Defendants. | **08 C 717**<br><br>**JUDGE COAR**<br>**MAGISTRATE JUDGE NOLAN**<br><br>JURY TRIAL<br>DEMANDED |

## COMPLAINT

NOW COME Plaintiffs, JAMES OLSON and TINA OLSON, by their attorneys, Stone & Associates, and complaining of Defendants, VILLAGE OF ROUND LAKE BEACH, ILLINOIS, ROUND LAKE BEACH OFFICER KENNETH COPPES, ROUND LAKE BEACH OFFICER BRIAN PETERS, ROUND LAKE BEACH OFFICER RYAN RODRIGUEZ, ROUND LAKE BEACH OFFICER JUAN RESENDEZ, ROUND LAKE BEACH SERGEANT MICHAEL BARR, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

## Parties/Background

4. Plaintiffs, James Olson and Tina Olson, who are married, are residents of Mundelein, Illinois..

5. Defendant Round Lake Beach Officer Kenneth Coppes, sued herein in his individual and official capacity, is a police officer employed at all relevant times by the Police Department of Defendant Village of Round Lake Beach, Illinois. At all times relevant hereto, the Defendant Round Lake Beach Officer Kenneth Coppes was acting within the scope of his employment as a police officer for the Village of Round Lake Beach, Illinois.

6. Defendant Round Lake Beach Officer Brian Peters, sued herein in his individual and official capacity, is a police officer employed at all relevant times by the Police Department of Defendant Village of Round Lake Beach, Illinois. At all times relevant hereto, the Defendant Round Lake Beach Officer Brian Peters was acting within the scope of his employment as a police officer for the Village of Round Lake Beach, Illinois.

7. Defendant Round Lake Beach Officer Ryan Rodriguez, sued herein in his individual and official capacity, is a police officer employed at all relevant times by the Police Department of Defendant Village of Round Lake Beach, Illinois. At all times relevant hereto, the Defendant Round Lake Beach Officer Ryan Rodriguez was acting within the scope of his employment as a police officer for the Village of Round Lake Beach, Illinois.

8. Defendant Round Lake Beach Officer Juan Resendez, sued herein in his individual and official capacity, is a police officer employed at all relevant times by the Police Department of Defendant Village of Round Lake Beach, Illinois. At all times relevant hereto, the Defendant Round Lake Beach Officer Juan Resendez was acting within the scope of his employment as a police officer for the Village of Round Lake Beach, Illinois.

9. Defendant Round Lake Beach Sergeant Michael Barr, sued herein in his individual and official capacity, is a police officer employed at all relevant times by the Police Department of Defendant Village of Round Lake Beach, Illinois. At all times relevant hereto, the Defendant Round Lake Beach Sergeant Michael Barr was acting within the scope of his employment as a police officer for the Village of Round Lake Beach, Illinois.

**COUNT I - 42 U.S.C. § 1983: Excessive Use of Force**

10. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

11. On February 4, 2007, James Olson and Tina Olson were watching the Super Bowl game at Buffalo Wings Restaurant located in Round Lake Beach, Illinois.

12. Mr. Olson was asked to leave the restaurant and he complied.

13. While waiting in the parking lot of the restaurant for his wife, Tina Olson, to leave the restaurant, Mr. Olson was physically attacked by Defendant Officers. Mrs. Olson was also physically attacked by one or more Defendant Officers.

14. In addition to the physical attack, the Defendants deployed their Oleresin Capsicum Spray into James Olson's face.

15. The Defendants also deployed their X26 Tasers into the body of James Olson.

16. The acts undertaken by the Defendants described in the previous paragraphs were undertaken without any provocation of any sort by James Olson and Tina Olson. Nor did the Olsons make any attempts to resist at any time during the course of the beating.

17. As a result of the Defendants' unjustified and excessive use of force, James Olson and Tina Olson suffered pain and injury.

18. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to James Olson's and Tina Olson's

constitutional rights.

19. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

20. The misconduct described in this Count was undertaken pursuant to a policy and practice of the Village of Round Lake Beach Police Department in that:

    a. As a matter of both policy and practice, the Village of Round Lake Beach Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Village of Round Lake Beach Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Village of Round Lake Beach Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Village of Round Lake Beach Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Court on a frequent basis, yet the Village of Round Lake Beach Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Village of Round Lake Beach Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

  e. The Village of Round Lake Beach has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

  WHEREFORE, Plaintiffs, JAMES OLSON and TINA OLSON, respectfully requests that the Court enter judgment in his favor and against Defendants, VILLAGE OF ROUND LAKE BEACH, ILLINOIS, ROUND LAKE BEACH OFFICER KENNETH COPPES, ROUND LAKE BEACH OFFICER BRIAN PETERS, ROUND LAKE BEACH OFFICER RYAN RODRIGUEZ, ROUND LAKE BEACH OFFICER JUAN RESENDEZ, ROUND LAKE BEACH SERGEANT MICHAEL BARR awarding compensatory damages and attorney's fees, along with punitive damages against ROUND LAKE BEACH OFFICER KENNETH COPPES, ROUND LAKE BEACH OFFICER BRIAN PETERS, ROUND LAKE BEACH OFFICER RYAN RODRIGUEZ, ROUND LAKE BEACH OFFICER JUAN RESENDEZ, ROUND LAKE BEACH SERGEANT MICHAEL BARR, in their individual capacities, and any other relief this Court deems just and appropriate under the circumstances.

### COUNT II - 42 U.S.C. § 1983: False Arrest/Unlawful Detention

21. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

22. Plaintiff James Olson was improperly seized, arrested, detained and charged without any probable cause in violation of his Constitutional rights.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

24. As a result of the above-described wrongful infringement of James Olson's rights he has suffered damages including but not limited to substantial mental stress and anguish.

25. The misconduct described in this Count was undertaken pursuant to the policy and

practice of the Village of Round Lake Beach Police Department in the manner described in the preceding paragraphs.

WHEREFORE, Plaintiff, JAMES OLSON, respectfully requests that the Court enter judgment in his favor and against Defendants, VILLAGE OF ROUND LAKE BEACH, ILLINOIS, and ROUND LAKE BEACH OFFICER KENNETH COPPES, ROUND LAKE BEACH OFFICER BRIAN PETERS, ROUND LAKE BEACH OFFICER RYAN RODRIGUEZ, ROUND LAKE BEACH OFFICER JUAN RESENDEZ, ROUND LAKE BEACH SERGEANT MICHAEL BARR in their official and individual capacity, and any other relief this Court deems just and appropriate under the circumstances.

### COUNT III - State Law Claim: Battery

26. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

27. As described more fully in the preceding paragraphs, James Olson was physically attacked, sprayed and tasered by one or more of the Defendants without justification or provocation. Also, Tina Olson was physically attacked by one or more Defendants.

28. The action of the Defendants constituted an offensive physical contact, undertaken willfully and wantonly, proximately causing James Olson and Tina Olson injuries.

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

30. As a result of the actions of the Defendants, James Olson and Tina Olson sustained bodily injuries. During the Defendants' actions, James Olson and Tina Olson had legitimate fears that his life was in danger.

WHEREFORE, Plaintiffs, JAMES OLSON and TINA OLSON, respectfully requests that the Court enter judgment in his favor and against Defendants ROUND LAKE BEACH OFFICER

KENNETH COPPES, ROUND LAKE BEACH OFFICER BRIAN PETERS, ROUND LAKE BEACH OFFICER RYAN RODRIGUEZ, ROUND LAKE BEACH OFFICER JUAN RESENDEZ, ROUND LAKE BEACH SERGEANT MICHAEL BARR, awarding compensatory damages and punitive damages, as well as any other relief this Court deems just and appropriate under the circumstances.

### COUNT IV - State Law: False Arrest

31.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

32.     The aforesaid acts of the Defendant Village of Round Lake Beach officers resulted in the false arrest of James Olson.

33.     Defendant Village of Round Lake Beach officers acted without having reasonable grounds to believe that James Olson had committed an offense.

WHEREFORE, Plaintiff, JAMES OLSON, respectfully requests that the Court enter judgment in his favor and against Defendants, VILLAGE OF ROUND LAKE BEACH, ILLINOIS, and ROUND LAKE BEACH OFFICER KENNETH COPPES, ROUND LAKE BEACH OFFICER BRIAN PETERS, ROUND LAKE BEACH OFFICER RYAN RODRIGUEZ, ROUND LAKE BEACH OFFICER JUAN RESENDEZ, ROUND LAKE BEACH SERGEANT MICHAEL BARR, in their official and individual capacity, and any other relief this Court deems just and appropriate under the circumstances.

### COUNT V - State Law Claim: Malicious Prosecution

34.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

35.     The aforesaid acts of the Defendant Village of Round Lake Beach officers resulted in the malicious prosecution against James Olson.

36.     Defendant Village of Round Lake Beach Police officers through his aforesaid acts

caused the commencement of criminal proceedings against James Olson.

37.     Defendant Village of Round Lake Beach Police officers through their aforesaid acts were without probable cause but with the presence of malice resulting in damages to James Olson.

WHEREFORE, Plaintiff, JAMES OLSON, respectfully requests that the Court enter judgment in his favor and against Defendants, VILLAGE OF ROUND LAKE BEACH, ILLINOIS, and ROUND LAKE BEACH OFFICER KENNETH COPPES, ROUND LAKE BEACH OFFICER BRIAN PETERS, ROUND LAKE BEACH OFFICER RYAN RODRIGUEZ, ROUND LAKE BEACH OFFICER JUAN RESENDEZ, ROUND LAKE BEACH SERGEANT MICHAEL BARR, in their official and individual capacity, and any other relief this Court deems just and appropriate under the circumstances.

### COUNT VI - State Law Claim: Respondeat Superior

38.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

39.     In committing the acts alleged in the preceding paragraphs, Defendants were members of, and agents of, the Village of Round Lake Beach Police Department were members of, and agents of, the Village of Round Lake Beach Police Department acting at all relevant times within the scope of their employment.

40.     Defendant Village of Round Lake Beach is liable as principal for all torts committed by its agents

WHEREFORE, Plaintiffs, JAMES OLSON and TINA OLSON, respectfully requests that the Court enter judgment in his favor and against Defendant VILLAGE OF ROUND LAKE BEACH, ILLINOIS, in an amount equal to any award against Defendants ROUND LAKE BEACH OFFICER KENNETH COPPES, ROUND LAKE BEACH OFFICER BRIAN PETERS,

ROUND LAKE BEACH OFFICER RYAN RODRIGUEZ, ROUND LAKE BEACH OFFICER JUAN RESENDEZ, ROUND LAKE BEACH SERGEANT MICHAEL BARR, as well as any other relief this Court deems just and appropriate under the circumstances.

### COUNT VII - State Law Claim: Indemnification

41. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

42. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

43. Defendant Round Lake Beach Officer Kenneth Coppes is or was an employee of Village of Round Lake Beach who acted within the scope of his employment in committing the misconduct described herein.

44. Defendant Round Lake Beach Officer Brian Peters is or was an employee of Village of Round Lake Beach who acted within the scope of his employment in committing the misconduct described herein.

45. Defendant Round Lake Beach Officer Ryan Rodriguez is or was an employee of Village of Round Lake Beach who acted within the scope of his employment in committing the misconduct described herein.

46. Defendant Round Lake Beach Officer Juan Resendez is or was an employee of Village of Round Lake Beach who acted within the scope of his employment in committing the misconduct described herein.

47. Defendant Round Lake Beach Sergeant Michael Barr is or was an employee of Village of Round Lake Beach who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, JAMES OLSON and TINA OLSON, respectfully requests that the Court enter judgment in his favor and against Defendant VILLAGE OF ROUND LAKE BEACH, in the amounts awarded to Plaintiff against Defendant ROUND LAKE BEACH OFFICER KENNETH COPPES, ROUND LAKE BEACH OFFICER BRIAN PETERS, ROUND LAKE BEACH OFFICER RYAN RODRIGUEZ, ROUND LAKE BEACH OFFICER JUAN RESENDEZ, ROUND LAKE BEACH SERGEANT MICHAEL BARR as compensatory damages, attorneys' fees, punitive damages, and any other relief this Court deems just and appropriate under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

　　s/Jed Stone　　　　　　　　　　　　
One of the attorneys for the Plaintiff

Jed Stone
Stone & Associates
415 West Washington Street, Suite 107
Waukegan, Illinois 60085
(847) 336-7888