90/08-5822.DV:tmm

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES OLSON; TINA OLSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 08 C 717 |
| ) | |
| VILLAGE OF ROUND LAKE BEACH, ) | Judge Coar |
| ILLINOIS; Round Lake Beach Officer ) | |
| KENNETH COPPES; Round Lake Beach ) | Magistrate Judge Nolan |
| Officer BRIAN PETERS; Round Lake Beach ) | |
| Officer RYAN RODRIGUEZ; Round Lake ) | |
| Beach Officer JUAN RESENDEZ; Round Lake ) | |
| Beach Sergeant MICHAEL BARR, ) | |
| ) | |
| Defendants. ) | **Jury Demanded** |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
### AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, VILLAGE OF ROUND LAKE BEACH ILLINOIS, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR, by and through their attorneys at Knight, Hoppe, Kurnik & Knight, Ltd., and for their Answer to the Plaintiff's Complaint, state as follows:

**Introduction**

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** Defendants admit that this action was brought pursuant to 42 U.S.C. §1983, but deny that the Plaintiff has suffered a deprivation under the color of law of his rights as secured by the united States Constitution.

**Jurisdiction and Venue**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331.

**ANSWER**: Defendants admit the allegations contained in paragraph 2.

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

**ANSWER**: Defendants admit that venue is proper under 28 U.S.C. §1391(b). Defendants admit that all Defendants reside in this judicial district and that the events giving rise to the claims asserted herein occurred within this district; however, Defendants are without knowledge or information sufficient to form a belief regarding the allegation that the Plaintiff resides in this judicial district.

**Parties/Background**

4. Plaintiffs, James Olson and Tina Olson, who are married, are residents of Mundelein, Illinois.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5. Defendant Round Lake Beach Officer Kenneth Coppes, sued herein in his individual and official capacity, is a police officer employed at all relevant times by the Police Department of Defendant Village of Round Lake Beach, Illinois. At all times relevant hereto, the Defendant Round Lake Beach Officer Kenneth Coppes was acting within the scope of his employment as a police officer for the Village of Round Lake Beach, Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 5.

6. Defendant Round Lake Beach Officer Brian Peters, sued herein in his individual and official capacity is a police officer employed at all relevant times by the Police Department of Defendant Village of Round Lake Beach, Illinois. At all times relevant hereto, the Defendant Round Lake Beach Officer Brian Peters was acting within the scope of his employment as a police officer for the Village of Round Lake Beach, Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 6.

7. Defendant Round Lake Beach Officer Ryan Rodriguez, sued herein in his individual and official capacity is a police officer employed at all relevant times by the Police Department of Defendant Village of Round Lake Beach, Illinois. At all times relevant hereto, the Defendant Round Lake Beach Officer Ryan Rodriguez was acting within the scope of his employment as a police officer for the Village of Round Lake Beach, Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 7.

8. Defendant Round Lake Beach Officer Juan Resendez, sued herein in his individual and official capacity is a police officer employed at all relevant times by the Police Department of Defendant Village of Round Lake Beach, Illinois. At all times relevant hereto, the Defendant Round Lake Beach Officer Juan Resendez was acting within the scope of his employment as a police officer for the Village of Round Lake Beach, Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 8.

9. Defendant Round Lake Beach Sergeant Michael Barr, sued herein in his individual and official capacity is a police officer employed at all relevant times by the Police Department of Defendant Village of Round Lake Beach, Illinois. At all times relevant hereto, the Defendant Round Lake Beach Sergeant Michael Barr was acting within the scope of his employment as a police officer for the Village of Round Lake Beach, Illinois.

**ANSWER**: Defendants admit the allegations contained in paragraph 9.

**COUNT I – 42 U.S.C. §1983: Excessive Use of Force**

10. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants incorporate by reference their answers to each of the foregoing paragraphs as though fully set forth herein.

11. On February 4, 2007, James Olson and Tina Olson were watching the Super Bowl game at Buffalo Wings Restaurant located in Round Lake Beach, Illinois.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 11.

12. Mr. Olson was asked to leave the restaurant and he complied.

**ANSWER**: Defendants admit that Mr. Olson was asked to leave the restaurant but deny that he complied.

13. While waiting in the parking lot of the restaurant for his wife, Tina Olson, to leave the restaurant, Mr. Olson was physically attacked by Defendant Officers. Mrs. Olson was also physically attacked by one or more Defendant Officers.

**ANSWER**: Defendants deny the allegations contained in paragraph 13.

14. In addition to the physical attack, the Defendants deployed their Oleresin Capsicum Spray into James Olson's face.

**ANSWER**: Defendants deny that the Plaintiff was physically attacked and deny the inference that all Defendants deployed their Oleoresin Capsicum Spray into James Olson's face. However, Defendants admit that Defendant Officer Peters deployed his Oleoresin Capsicum Spray into James Olson's face.

15. The Defendants also deployed their X26 Tasers into the body of James Olson.

**ANSWER**: Defendants deny the implication that all Defendants deployed their X26 Tasers into the body of James Olson, but admit that at least one of the Defendant Officers Coppes and Resendez deployed their X26 Tasesr into the body of James Olson.

16. The acts undertaken by the Defendants described in the previous paragraphs were undertaken without any provocation of any sort by James Olson and Tina Olson. Nor did the Olsons make any attempts to resist at any time during the course of the beating.

**ANSWER**: Defendants deny the allegations contained in paragraph 16.

17. As a result of the Defendants' unjustified and excessive use of force, James Olson and Tina Olson suffered pain and injury.

**ANSWER**: Defendants deny the allegations contained in paragraph 17.

18. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to James Olson's and Tina Olson's constitutional rights.

**ANSWER**: Defendants deny the allegations contained in paragraph 18.

19. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**: Defendants deny the allegations contained in paragraph 19.

20. The misconduct described in this Count was undertaken pursuant to a policy and practice of the Village of Round Lake Beach Police Department in that:

> a. As a matter of both policy and practice, the Village of Round Lake Beach Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;
>
> b. As a matter of both policy and practice, the Village of Round Lake Beach Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Village of Round Lake Beach Police Officers to believe that their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Village of Round Lake Beach Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Court on a frequent basis, yet the Village of Round Lake Beach Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Village of Round Lake Beach Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    e. The Village of Round Lake Beach has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER**: Defendants deny the allegations contained in paragraph 20 inclusive of subparagraphs a. through e.

WHEREFORE, the Defendants, VILLAGE OF ROUND LAKE BEACH ILLINOIS, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR, respectfully request that the Court enter judgment in their favor and against the Plaintiffs, JAMES OLSON and TINA OLSON.

**COUNT II – 42 U.S.C. §1983: False Arrest/Unlawful Detention**

21. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants incorporate by reference their answers to each of the foregoing paragraphs 1 through 20 as if restated fully herein.

22. Plaintiff James Olson was improperly seized, arrested, detained and charged without any probable cause in violation of his Constitutional rights.

**ANSWER:** Defendants deny the allegations contained in paragraph 22.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Defendants deny the allegations contained in paragraph 23.

24. As a result of the above-described wrongful infringement of James Olson's rights he has suffered damages including but not limited to substantial mental stress and anguish.

**ANSWER:** Defendants deny the allegations contained in paragraph 24.

25. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Village of Round Lake Beach Police Department in the manner described in the preceding paragraphs.

**ANSWER:** Defendants deny the allegations contained in paragraph 25.

WHEREFORE, the Defendants, VILLAGE OF ROUND LAKE BEACH ILLINOIS, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR, respectfully request that the Court enter judgment in their favor and against the Plaintiff, JAMES OLSON.

### COUNT III – State Law Claim: Battery

26. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: The Defendants incorporate by reference their answers to each of the foregoing paragraphs 1 through 25 as if restated fully herein.

27. As described more fully in the preceding paragraphs, James Olson was physically attacked, sprayed and tasered by one or more of the Defendants without justification or provocation. Also, Tina Olson was physically attacked by one or more Defendants.

**ANSWER**: Defendants admit that James Olson was sprayed by Officer Peters and tasered by Officers Coppes and Resendez, and deny the remaining allegations in paragraph 27.

28. The action of the Defendants constituted an offensive physical contact, undertaken willfully and wantonly, proximately causing James Olson and Tina Olson injuries.

**ANSWER**: Defendants deny the allegations contained in paragraph 28.

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**: Defendants deny the allegations contained in paragraph 29.

30. As a result of the actions of the Defendants, James Olson and Tina Olson sustained bodily injuries. During the Defendants' actions, James Olson and Tina Olson had legitimate fears that his life was in danger.

**ANSWER**: Defendants deny the allegations contained in paragraph 30.

WHEREFORE, the Defendants, VILLAGE OF ROUND LAKE BEACH ILLINOIS, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR, respectfully request that the Court enter judgment in their favor and against the Plaintiffs, JAMES OLSON and TINA OLSON.

### COUNT IV – State Law: False Arrest

31. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** The Defendants incorporate by reference their answers to each of the foregoing paragraphs 1 through 30 as if restated fully herein

32. The aforesaid acts of the Defendant Village of Round Lake Beach officers resulted in the false arrest of James Olson.

**ANSWER:** Defendants deny the allegations contained in paragraph 32.

33. Defendant Village of Round Lake Beach officers acted without having reasonable grounds to believe that James Olson had committed an offense.

**ANSWER:** Defendants deny the allegations contained in paragraph 33.

WHEREFORE, the Defendants, VILLAGE OF ROUND LAKE BEACH ILLINOIS, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR, respectfully request that the Court enter judgment in their favor and against the Plaintiff, JAMES OLSON.

## COUNT V – State Law Claim: Malicious Prosecution

34. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:**  The Defendants incorporate by reference their answers to each of the foregoing paragraphs 1 through 33 as if restated fully herein

35. The aforesaid acts of the Defendant Village of Round Lake Beach officers resulted in the malicious prosecution against James Olson.

**ANSWER:**  Defendants deny the allegations contained in paragraph 35.

36. Defendant Village of Round Lake Beach Police officers through his aforesaid acts caused the commencement of criminal proceedings against James Olson.

**ANSWER:**  Defendants deny the allegations contained in paragraph 36.

37. Defendant Village of Round Lake Beach Police officers through their aforesaid acts were without probable cause but with the presence of malice resulting in damages to James Olson.

**ANSWER:**  Defendants deny the allegations contained in paragraph 37.

WHEREFORE, the Defendants, VILLAGE OF ROUND LAKE BEACH ILLINOIS, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR, respectfully request that the Court enter judgment in their favor and against the Plaintiff, JAMES OLSON.

## COUNT VI – State Law Claim: Respondeat Superior

38. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**:   The Defendants incorporate by reference their answers to each of the foregoing paragraphs 1 through 37 as if restated fully herein

39. In committing the acts alleged in the preceding paragraphs, Defendants were members of, and agents of, the Village of Round Lake Beach Police Department were members of, and agents of, the Village of Round Lake Beach Police Department acting at all relevant times within the scope of their employment.

**ANSWER**:   Defendants deny that they committed the acts alleged in the preceding paragraphs but admit that they were members of and agents of the Village of Round Lake Beach Police Department and acting at all relevant times within the scope of their employment.

40. Defendant Village of Round Lake Beach is liable as principal for all torts committed by its agents.

**ANSWER**:   Defendants deny the allegations contained in paragraph 40.

WHEREFORE, the Defendants, VILLAGE OF ROUND LAKE BEACH ILLINOIS, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR, respectfully request that the Court enter judgment in their favor and against the Plaintiffs, JAMES OLSON and TINA OLSON.

## COUNT VII – State Law Claim: Indemnification

41. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: The Defendants incorporate by reference their answers to each of the foregoing paragraphs 1 through 40 as if restated fully herein

42. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**: Defendants make no answer to the allegations contained in paragraph 42 as they are statements of law rather than statements of fact.

43. Defendant Round Lake Beach Officer Kenneth Coppes is or was an employee of Village of Round Lake Beach who acted within the scope of his employment in committing the misconduct described herein.

**ANSWER**: Defendants admit that Round Lake Beach Officer Kenneth Coppes is or was an employee of Village of Round Lake Beach who acted within the scope of his employment but deny that Officer Kenneth Coppes committed misconduct.

44. Defendant Round Lake Beach Officer Brian Peters is or was an employee of Village of Round Lake Beach who acted within the scope of his employment in committing the misconduct described herein.

**ANSWER**: Defendants admit that Round Lake Beach Officer Brian Peters is or was an employee of Village of Round Lake Beach who acted within the scope of his employment but deny that Officer Brian Peters committed misconduct.

45. Defendant Round Lake Beach Officer Ryan Rodriguez is or was an employee of Village of Round Lake Beach who acted within the scope of his employment in committing the misconduct described herein.

**ANSWER**: Defendants admit that Round Lake Beach Ryan Rodriguez is or was an employee of Village of Round Lake Beach who acted within the scope of his employment but deny that Officer Ryan Rodriguez committed misconduct

46. Defendant Round Lake Beach Officer Juan Resendez is or was an employee of Village of Round Lake Beach who acted within the scope of his employment in committing the misconduct described herein.

**ANSWER**: Defendants admit that Round Lake Beach Officer Juan Resendez is or was an employee of Village of Round Lake Beach who acted within the scope of his employment but deny that Officer Juan Resendez committed misconduct

47. Defendant Round Lake Beach Sergeant Michael Barr is or was an employee of Village of Round Lake Beach who acted within the scope of his employment in committing the misconduct described herein.

**ANSWER**: Defendants admit that Round Lake Beach Sergeant Michael Barr is or was an employee of Village of Round Lake Beach who acted within the scope of his employment but deny that Sergeant Michael Barr committed misconduct

WHEREFORE, WHEREFORE, the Defendants, VILLAGE OF ROUND LAKE BEACH ILLINOIS, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR, respectfully request that the Court enter judgment in their favor and against the Plaintiffs, JAMES OLSON and TINA OLSON.

## JURY DEMAND

These Defendants hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

## AFFIRMATIVE DEFENSES OF DEFENDANTS

NOW COME the Defendants, , VILLAGE OF ROUND LAKE BEACH ILLINOIS, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR, by and through their attorneys at Knight, Hoppe, Kurnik & Knight, Ltd., and for their affirmative defenses to the Complaint of the Plaintiffs, JAMES OLSON and TINA OLSON, state as follows:

### FIRST AFFIRMATIVE DEFENSE
### (COUNTS III, IV, V, VI, AND VII)

The acts of the Defendants, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR, as alleged in Counts III, IV, V, VI, and VII, involve the execution and enforcement of the law within the meaning of 745 ILCS 10/2-202 and their conduct cannot be characterized as willful and wanton, thus immunizing the Defendants, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL

BARR from liability for such acts, and the VILLAGE OF ROUND LAKE BEACH is entitled to the same immunity derivatively under §2-109 of the Act.

## SECOND AFFIRMATIVE DEFENSE
### (COUNT V)

The Defendants, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR are entitled to immunity for the acts alleged in Count V under ILCS 10/2-108 as they, as public employees, cannot be held liable for injury caused by their instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, and they did not act maliciously or without probable cause.

## THIRD AFFIRMATIVE DEFENSE
### (COUNTS I AND II)

The individual Defendants, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR are entitled to qualified immunity as under the totality of the circumstances, no reasonably competent police officer would have concluded that the use of force in effectuating the arrest of Plaintiff JAMES OLSON would have violated the United States Constitution, that the arrest of Plaintiff JAMES OLSON violated the Fourth Amendment, or that the individual Defendants, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR otherwise acted unconstitutionally.

## FOURTH AFFIRMATIVE DEFENSE
### (COUNTS III, IV, V, VI AND VII)

The action of the Defendants, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR involved the provision of police services and police protection within the meaning of 745 ILCS

10/4-102 and, as a result, the Defendants, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR are entitled to absolute immunity for their conduct under the aforementioned section.

## FIFTH AFFIRMATIVE DEFENSE
## (COUNTS III, IV, V, VI AND VII)

To the extent that the Defendants, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR were not acting in execution or enforcement of the law, the action of the Defendants involve the determination of policy or the exercise of discretion within the meaning of 745 ICS 10/2-201, thus immunizing the Defendants, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR; and the VILLAGE OF ROUND LAKE BEACH is entitled to that same immunity, derivatively, under 2-109 of the Act.

## SIXTH AFFIRMATIVE DEFENSE
## (COUNTS III, IV, V, VI AND VII)

To the extent that the Defendants, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR, had not yet undertaken the execution or enforcement of the law, the Defendant, VILLAGE OF ROUND LAKE BEACH, is entitled to absolute immunity under 745 ILCS 10/4-102 which immunizes the Defendant, VILLAGE OF ROUND LAKE BEACH from failing to provide police services.

## SEVENTH AFFIRMATIVE DEFENSE
## (COUNTS III, IV, V, VI AND VII)

In connection with Counts III, IV, V, VI, and VII, wherein the Plaintiffs allege that the Defendant, VILLAGE OF ROUND LAKE BEACH, failed to properly train, supervise, monitor,

and control its agents and/or employees, the training, supervision, monitoring, and controlling of agents and/or employees involves the determination of policy or the exercise of discretion within the meaning of 745 ILCS 10/2-201, thus immunizing the Defendant, VILLAGE OF ROUND LAKE BEACH.

**EIGHTH AFFIRMATIVE DEFENSE**
**(COUNTS III, IV, V, VI AND VII)**

As it pertains to Counts III, IV, V, VI and VII, the actions of the Plaintiff by acting in a disorderly manner in interfering with the duties of the police officers were acts that the Plaintiff knew could have resulted in arrest or injury or he acted in conscious disregard for the likelihood that arrest or injury would result. These acts amounted to willful and wanton conduct, and amounted to contributory fault which is more than 50% of the total fault contributing to his injuries and judgment should be entered in favor of these Defendants and against the Plaintiff, JAMES OLSON. Alternatively, any judgment entered in favor of the Plaintiff should be reduced by the amount of percentage of the contributory fault of the Plaintiffs.

WHEREFORE, the Defendants, VILLAGE OF ROUND LAKE BEACH ILLINOIS, Round Lake Beach Officers KENNETH COPPES, BRIAN PETERS, RYAN RODRIGUEZ, JUAN RESENDEZ, and SERGEANT MICHAEL BARR, pray that judgment be entered in their favor and against the Plaintiffs, JAMES OLSON and TINA OLSON, in accordance with the foregoing affirmative defenses.

                                          Respectfully submitted,

                                          By:
                                          s/Krista E. Oswald
                                          Krista E. Oswald of KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on March 19, 2008, the foregoing **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

- **William W. Kurnik -** bkurnik@khkklaw.com

- **Krista Eleanore Oswald -** Koswald@khkklaw.com

- **Jed H. Stone -** jstone@jedstone.com

 

       s/Krista E. Oswald
       KRISTA E. OSWALD, Attorney Bar #6287032,
       One of the Attorneys for Defendants
       KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
       2860 River Road – Suite 400
       Des Plaines, Illinois 60018-6009
       Telephone:   (847) 298-8000
       Facsimile:    (847) 298-8014
       E-mail:      koswald@khkklaw.com

5822 Answer-Aff Defenses 08-03-10